CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 25 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

THOMAS TULLY,                     )
     Petitioner,                 )        Civil Action No. 7:07-CV-00057
                                )
v.                                )        MEMORANDUM OPINION
                                )
UNITED STATES OF AMERICA,          )        By: Samuel G. Wilson
     Respondent.                 )        United States District Judge

Thomas Tully, a Virginia inmate, brings this pro se petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241.[1] Respondent[2] has filed a motion to dismiss, or in the alternative, for

summary judgment; the petitioner has responded; and the motion is now ripe for disposition. For

the reasons that follow, the court grants respondent's motion.

I.

Tully, a former Federal Bureau of Prisons inmate was serving a two-year term of supervised

release on a sentence from this court. On February 16, 2006, Commonwealth of Virginia authorities

arrested Tully for driving while his license was suspended and on March 5, 2006, for breaking and

entering, malicious wounding, and possession of marijuana. Consequently, this court on March 14,

2006, issued a warrant for Tully's arrest for violating the conditions of his supervised release,

---

[1] In October 2006, Tully filed a "Motion of Modification" in Criminal Case No. 5:06-CR-00005, seeking access to federal Bureau of Prisons ("BOP") programs and an order directing the BOP to transfer him to an appropriate facility. By order entered February 2, 2007, petitioner's motion was denied because the court did not have jurisdiction to modify his term of imprisonment or to order the place of his confinement. However, the court directed that the "Motion of Modification" be filed pursuant to 28 U.S.C. § 2241, thus opening the instant case.

[2] In its memorandum in support of its motion, the United States notes that it is identified as the respondent, stating that "[t]he only proper respondent for a petition filed pursuant to 28 U.S.C. § 2241 is the Petitioner's immediate custodian. . . . It appears the proper respondent in this case is Fred D. Hildebrand, Superintendent of the Clarke-Fauquier-Frederick-Winchester Virginia Regional Adult Detention Center, where Petitioner is presently incarcerated." (Citations omitted.) Inasmuch as petitioner seeks access to federal BOP programs and facilities, the court determines that the United States is a proper respondent for the instant petition.

followed by a writ of habeas corpus ad prosequendum, on May 18, 2006. On May 31, 2006, federal marshals temporarily took Tully into federal custody. On June 20, 2006, this court sentenced Tully to 24 months imprisonment, to be served consecutively to any other sentence. On June 22, 2006. federal marshals returned Tully to state custody and on June 27, 2006, filed a federal detainer with state authorities.[3] Tully remains in state custody at the Northwestern Regional Adult Detention Center in Winchester, Virginia.

## II.

Tully contends that he "is currently serving a 24 month sentence for supervised release violation[s];" that he "is being held [in state custody] by way of writ of habeas corpus ad prosequendum;" that he should be incarcerated in a BOP facility, rather than a state facility; and that he "is being denied access to all programs that the inmates in all federal correction [sic] facilities are able to participate in."[4] He requests "that the Court Order the petitioner be moved or placed by the Bureau of Prisons at the appropriate facility so that petitioner can prepare himself for reentry back into society."

When an inmate has sentences imposed by two different sovereigns, such as federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied. Ponzi v. Fessenden, 258 U.S. 254,

---

[3] The detainer states, in part: "Prior to the subject's release from your custody, please notify this office at once so that we may assume custody of the subject for service of his Federal sentence of imprisonment."

[4] In his response to respondent's motion to dismiss, Tully demands for the first time, an "actual damages award in the amount of $1,000,000.00 and punitive damages in the amount of $5,000,000.00 to compensate for the continuous biased, prejudicialed [sic], and discriminatory acts committed by the respondants [sic] to the plaintiff in denying the plaintiff his CONSTITUTIONAL RIGHTS under the Fourteenth Amendment to Equal Rights." Tully is advised that 28 U.S.C. § 2241 does not provide for damages. In any event, the claim is contextually frivolous.

2

260 (1922); see also United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (restating the principle of primary jurisdiction as set out in Ponzi); United States v. Smith, 812 F. Supp. 368, 371 (E.D. N.Y. 1993) (observing the general rule that "the first sovereign to arrest an offender has priority of jurisdiction over him for trial, sentencing, and incarceration," and that "jurisdiction continues until the first sovereign relinquishes its priority by, for example, bail release, dismissal of the [primary sovereign's] charges, parole release, or expiration of the sentence") (citations omitted).

State authorities arrested Tully, and later delivered him to federal authorities, pursuant to a writ of habeas corpus ad prosequendum, for the purpose of answering to the federal charge of violating his supervised release. Writs of habeas corpus ad prosequendum have no effect on jurisdictional priority. See Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992) (noting that a prisoner is not in custody when he appears in federal court pursuant to a writ ad prosequendum, "he is merely 'on loan' to federal authorities") (citations omitted); see also Evans, 159 F.3d at 912 (stating that a "federal sentence does not begin to run . . . when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum" because "the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation") (citation omitted).

Here, it is clear that state authorities retained primary jurisdiction over Tully when he was "on loan" to federal authorities pursuant to the writ of habeas corpus ad prosequendum, and state authorities continue to retain primary jurisdiction over him. Tully is a state inmate. He is not eligible for BOP programs or placement in a BOP facility. Therefore, the court will grant the respondent's motion to dismiss.

3

## III.

For the reasons stated, the court grants respondent's motion to dismiss Tully's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate order will be entered this day.

**ENTER**: This July 25, 2007.

_____
UNITED STATES DISTRICT JUDGE

4